UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CARLOS MEDINA-MORALES**     **B.O.P. # 44085-069** | **:** | **DOCKET NO. 2:23-cv-0713**     **SECTION P** |
| **VERSUS** | **:** | **JUDGE JAMES D. CAIN, JR.** |
| **FELIPE MARTINEZ, JR.** | **:** | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Carlos Medina-Morales. Medina-Morales is an inmate in the custody of the Bureau of Prisons ("BOP"), currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana ("FCIO").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that the matter be **DENIED** and **DISMISSED WITH PREJUDICE** under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

### I.
#### BACKGROUND

Medina-Morales was sentenced in the District of Puerto Rico on October 26, 2018. Doc 1, p 1. He brings this petition to challenge the BOP's calculation of his sentence, alleging that the BOP erred by failing to credit him for the time period between April 18, 2014, through February

22, 2015, despite the fact that the sentencing judge allegedly stated that his federal incarceration would run concurrent with the state sentence he was serving at the time.

Plaintiff exhausted his administrative remedies through the filing of a BP-11, which was denied on March 14, 2023.  Doc. 1, att. 2, pp. 11-12.  The BP-11 response sets forth the following facts:

> A review of your file reveals that on April 19, 2012, your probation was revoked by Carolina County Superior Court, to serve a 3-yaer and 1-day term of imprisonment, in Case Numbers FLE2011G0076, FLE2011G0077, and FLE2011G0078.  On April 22, 2014, you were indicted in the United States District Court for the District of Puerto Rico in Case Number 3:14-CR-00277-01(CCC).  On April 29, 2014, you were "borrowed" from the state of Puerto Rico pursuant to a federal writ of habeas corpus ad prosequendum.
>
> On October 26, 2018, you were sentenced in the United States District Court for the District of Puerto Rico to a 133-month term of imprisonment for Conspiracy to Possess with Intent to Distribute Narcotics and A/A Using and Carrying Firearms During and in Relation to a Drug Trafficking Crime, in Case Number 3:14-CR-00277-01(CCC).  At sentencing, the Court ordered your term of imprisonment to run concurrently to state Case Numbers FLE2011G0076, FLE2011G0077, and FLE2011G0078.  On November 8, 2018, you were returned to state authorities with your federal Judgment filed as a detainer.  On March 6, 2019, you satisfied your state obligation and entered exclusive federal custody.  According to documentation received by Puerto Rico Department of Corrections, your state sentences expired on February 21, 2015, while in federal custody on writ.

Doc. 1, att. 2, p. 11.  The response concludes that, because the federal sentence was ordered to run concurrently to the state sentence in case numbers FLE2011G0076, FLE2011G0077, and FLE2011G0078, it began October 26, 2018, the date it was imposed and "has been computed as directed by federal statute, the intent of the Court, and the Bureau of Prisons Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984)."  *Id*. at p. 12.

## II.
## LAW & ANALYSIS

### A. Screening of Habeas Corpus Petitions

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. Application

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Under 18 U.S.C. § 3585(b), the authority to grant or deny sentencing credit is specifically reserved to the United States Attorney General and delegated to the Bureau of Prisons. *United States v. Wilson*, 112 S.Ct. 1351, 1353–54 (1992). A district court may review a challenge to the BOP's refusal to grant credit for time served or make a nunc pro tunc designation through a § 2241 petition, but only after the BOP has a made a final decision on same. *See Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010).

Medina-Morales provides proof of his exhaustion through the BP-11 response. *See* 28 C.F.R. § 542.15(a) (designating the BP-11 as the final stage of the BOP's administrative remedy procedure). However, the decision on that request, and the claim as provided by Medina-Morales, show that there is no error to the BOP's decision and no basis for relief under § 2241. Medina-Morales' sentence was computed as directed by 18 U.S.C. § 3585(b), which does not allow the time credited to his state sentence to be creditable against his federal sentence. Accordingly, he can show no right to relief and his petition should be dismissed under Rule 4 as described above.

### III.
#### CONCLUSION

Medina-Morales fails to state a claim for relief under 28 U.S.C. § 2241. Accordingly,

**IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

-5-

THUS DONE AND SIGNED in Chambers this 21st day of July, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE